FILED
AT ALBUQUERQUE NM

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JUN 2 8 2000

ROBERT M. MARCH
CLERK

STEVEN E. DURAN,

       Plaintiff,

v.                                                                        No. CIV-00-0783 LH/LCS

FLAGSTAR BANK, FSB f/k/a
FIRST SECURITY SAVING BANK, FSB, AND,
SECOND JUDICIAL
DISTRICT STATE COURT JUDGE TED C. BACA,

       Defendants.


### MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* for preliminary review of this pro se Plaintiff's complaint. *See Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989) ("little doubt" of court's power to dismiss a " 'frivolous or malicious' " action even without the authorization in 28 U.S.C. § 1915). In reviewing Plaintiff's complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). For the reasons below, the complaint will be dismissed.

The complaint invokes 28 U.S.C. §§ 1331 and 1354 as its jurisdictional basis, though Plaintiff does not identify substantive federal provisions from which his claims arise. He alleges his interest in a parcel of real property in Albuquerque, New Mexico, has been foreclosed in a state court proceeding, and Defendant Flagstar Bank, FSB, has been granted possession of the property. Plaintiff alleges that Defendant Baca, a state district judge, was "without standing" and "overstep[ped] his boundaries" to make rulings in the matter, and that rulings in the case are "against congressional acts and treaties." Plaintiff asks for a stay of foreclosure during appellate proceedings and seeks declarations regarding the state of

the property's title as well as certain rulings by the state court.

For purposes of analysis, the complaint is reviewed according to the two types of relief sought. First, Plaintiff asks that foreclosure proceedings against the property be stayed until the appeal process has concluded. This request for injunctive relief is barred by the Anti-Injunction Act, 28 U.S.C. § 2283, which prohibits federal courts from intervening in ongoing state court proceedings except in very limited circumstances. *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623 (1977). This Court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." § 2283. "[A]ny injunction against state court proceedings otherwise proper under general equitable principles must be based on one of the specific statutory exceptions to § 2283 if it is to be upheld." *Atlantic Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970), *quoted in Douglas-Guardian Warehouse Corp. v. Posey*, 486 F.2d 739, 742 (10th Cir. 1973).

> Suffice it to say that the Act is an absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of the three specifically defined exceptions in the Act. The Act's purpose is to forestall the inevitable friction between the state and federal courts that ensues from the injunction of state judicial proceedings by a federal court.

*Vendo*, 433 U.S. at 630; *see also Vernitron Corp. v. Benjamin*, 440 F.2d 105, 108 (2d Cir. 1971) (§ 2283 prohibits "enjoining of state court suits except in those situations where the real or potential conflict threatens the very authority of the federal court"). None of the statutory exceptions is invoked by Plaintiff, and the request for injunctive relief will be denied.

Second, the complaint seeks declarations that Plaintiff is the holder of superior title to the property and that certain rulings in the state court foreclosure proceeding were in error. "A United States District Court has no authority to review final judgments of a state court in judicial proceedings. Such review resides exclusively in the United States Supreme Court." *Razatos v. Colorado Supreme Court*, 746 F.2d

2

1429, 1432 (10th Cir. 1984) (citing 28 U.S.C. § 1257); *Anderson v. Colorado*, 793 F.2d 262, 263 (10th Cir. 1986). "If the constitutional claims presented to a United States District Court are inextricably intertwined with the state court's denial in a judicial proceeding of a particular plaintiff's [state right], then the District Court is in essence being called upon to review the state court decision." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483-84 n.16 (1983), *quoted in Razatos*, 746 F.2d at 1432. Plaintiff's claims attack the processes and judgments of a state district court, and his remedy may only be pursued in the state appellate courts and the United States Supreme Court. *Anderson*, 793 F.2d at 263. Furthermore, issuance of the requested declarations likely would offend § 2283, as discussed above.

Motions to dismiss were filed by two Defendants during preparation of this opinion. These motions assert grounds in addition to the foregoing but do not counsel a different result than the one described herein. The complaint will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED with prejudice; and a form of judgment will be entered in accordance with this opinion.

UNITED STATES DISTRICT JUDGE

3